**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

| | |
|---|---|
| In re: | : |
| | : Chapter 11 |
| FREIDA R. LAUER, | : |
| | : Case No. 9-11-bk-11448 |
|         Reorganized Debtor. | : |
| | : Judge Caryl E. Delano |
| ———————————————— | : |
| FREIDA R. LAUER | : Adversary Case No. 9:12-ap-00703-FMD |
| 3361 Creekview Drive | : |
| Bonita Springs, FL 34134, | : |
| | : |
|         Plaintiff, | : |
| | : |
| vs. | : |
| | : |
| FRONTIER AIRLINES, INC. | : |
| 8909 Purdue Road, Suite 300 | : |
| Indianapolis, IN 46268, | : |
| | : |
| **Also serve:** | : |
| | : |
| FRONTIER AIRLINES, INC. | : |
| c/o Corporation Service Company, | : |
| Registered Agent | : |
| 1201 Hays Street | : |
| Tallahassee, FL 32301-2525 | : |
| | : |
| **Also serve:** | : |
| | : |
| FRONTIER AIRLINES, INC. | : |
| Card Services | : |
| P.O. Box 13337 | : |
| Philadelphia, PA 19101-3337 | : |
| Attention: Legal Department, | : |
| | : |
| and | : |
| | : |
| BARCLAYS BANK DELAWARE | : |
| 125 S. West Street | : |
| Wilmington, DE 19801 | : |
| | : |
| | : |
| | : |
| | : |
| | : |

Also Serve:                                    :
                                               :
BARCLAYS BANK DELAWARE                          :
Card Services                                   :
PO Box 8801                                     :
Wilmington, DE 19899-8801,                      :
                                               :
                    Defendants.                 :

## FIRST AMENDED COMPLAINT

Freida R. Lauer, Reorganized Debtor ("Plaintiff"), by and through Plaintiff's undersigned

counsel, and for Plaintiff's First Amended Complaint against Defendant Frontier Airlines, Inc.

("Defendant Frontier") and and Defendant Barclays Bank Delaware ("Defendant Barclays" and,

together with Defendant Frontier, "Defendant"), respectfully states and submits as follows:

### THE PARTIES

1.      Plaintiff is an individual residing in Bonita Springs, Florida.  Plaintiff is a

reorganized debtor pursuant to that certain *Chapter 11 Plan of Reorganization Dated as of*

*November 10, 2011* [Dkt. No. 92] (as amended, supplemented, or otherwise modified the

"Plan").  This Court (Hon. Jeffery P. Hopkins presiding) confirmed the Plan pursuant to the

*Order Confirming Chapter 11 Plan* [Dkt. No. 144].  The Plan became effective on April 27,

2012.

2.      Upon information and belief Defendant Frontier is a corporation organized under

and by virtue of the laws of the State of Colorado, with a principal place of business in Denver,

Colorado.  Defendant Frontier regularly transacts business in the State of Florida.

3.      Upon information and belief Defendant Barclays is a copropraition organized

under and by virtue of the laws of the State of Delaware, with a principal place of business in

Wilimington, Delaware.  Defendant Barclays regularly transactions business in the State of

Florida.

## JURISDICTION AND VENUE

4.      Plaintiff restates and incorporates by reference paragraphs 1 through 3 of this Complaint as if fully restated herein.

5.      The Court has jurisdiction over this Adversary Proceeding and the matters set forth in this Complaint pursuant to 28 U.S.C. §§ 157 and 1134.  Venue of this Adversary Proceeding and the matters set forth herein is proper pursuant to 28 U.S.C. § 1409.  This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157.  This Court has personal jurisdiction over the parties.

## BACKGROUND

6.      Plaintiff restates and incorporates by reference paragraphs 4 through 5 of this Complaint as if fully restated herein.

7.      On June 15, 2011 (the "Petition Date"), Plainitff filed voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

8.      On or within 90 days before the Petition Date, Plaintiff made or caused to be made transfer(s) of money or property, or interests therein, to or for the benefit of Defendant in amounts not less than those set forth on Exhibit A hereto (collectively, and together with any other or further transfer(s) of money or property, or interests therein, to or for the benefit of Defendant on or within 90 days before the Petition Date, the "Transfers").

9.      Pursuant to the Plan, Plaintiff holds and maintains all right, title, and interest in and to all actions to avoid and recover preferential and/or fraudulent transfers including, without limitation, the Transfers.

4898269.1

## COUNT I

10.    Plaintiff restates and incorporates by reference paragraphs 6 through 9 of this Complaint as if fully restated herein.

11.    The Transfers were for or on account of an antecedent debt owed by Plaintiff before the Transfers were made.

12.    The Transfers were made while Plaintiff was insolvent.

13.    The Transfers enabled Defendant to receive more than Defendant would have received if the Bankruptcy Case was a case under Bankruptcy Code Chapter 7, the Transfers had not been made, and Defendant received payment of the debt giving rise to the Transfers to the extent provided by the provisions of the Bankruptcy Code.

14.    The Transfers may be avoided pursuant, among other things, to Bankruptcy Code Section 547(b).

## COUNT II

15.    Plaintiff restates and incorporates by reference paragraphs 10 through 14 of this Complaint as if fully restated herein.

16.    To the extent that the Transfers are avoided pursuant to Bankruptcy Code Section 547 or other applicable law, the Transfers or the value of the Transfers, may be recovered by Plaintiff pursuant to Bankruptcy Code Section 550.

## COUNT III

17.    Plaintiff restates and incorporates by reference paragraphs 15 through 16 of this Complaint as if fully restated herein.

18.    Plaintiff demanded return of the Transfers by way of correspondence to Defendant dated June 20, 2012.

4898269.1

19.     The Transfers, or the value of the Transfers, has not been paid or turned over to Plaintiff.

20.     To the extent not already disallowed by the Court in the Bankruptcy Case, any claim(s) against Plaintiff by Defendant, or any entity that is a transferee of the Transfers (collectively, "Claims"), should be disallowed pursuant to Bankruptcy Code Section 502(d).

## RESERVATION OF RIGHTS

21.     Plaintiff restates and incorporates by reference paragraphs 17 through 20 of this Complaint as if fully restated herein.

22.     Plaintiff reserves the right to amend, supplement, or otherwise modify this Complaint as it deems necessary or proper including, without limitation, to assert any other and further claims and causes of action against Defendant when and as such claims and causes of action become known during the course of discovery in this matter or otherwise.

WHEREFORE, Plaintiff respectfully prays that the Court enter a JUDGMENT in favor of Plaintiff and against Defendant as follows:

(A)     On Count I of the Complaint, avoiding all of the Transfers pursuant, among other things, to Bankruptcy Code Section 547(b);

(B)     On Count II of the Complaint, awarding damages to Plaintiff and against Defendant in an amount not less than the sum of the Transfers plus any pre- and post-judgment interest thereon to which Plaintiff is entitled including, without limitation, interest as provided pursuant to 28 U.S.C. § 1961;

(C)     On Count III of the Complaint, disallowing all Claims in their entireties, to the extent not already disallowed; and

(D)     On all Counts of the Complaint, awarding Plaintiff fees, costs, and expenses incurred in connection with this action including, without limitation, all attorneys' fees and costs,

4898269.1

and granting Plaintiff such other and further relief as is just and equitable.

August 10, 2012                                                Respectfully submitted,


                                                              */s/ John S. Sarrett*
                                                              John S. Sarrett (FL Bar No. 0812811)
                                                              HAHN LOESER & PARKS LLP
                                                              800 Laurel Oak Drive, Suite 600
                                                              Naples, FL 34108
                                                              Telephone:    (239) 254-2900
                                                              Facsimile:    (239) 254-7716
                                                              E-mail:        jsarrett@hahnlaw.com

                                                              and

                                                              */s/ Rocco I. Debitetto*
                                                              Lee D. Powar (*Pro Hac Vice*)
                                                              Rocco I. Debitetto (*Pro Hac Vice*)
                                                              HAHN LOESER & PARKS LLP
                                                              200 Public Square, Suite 2800
                                                              Cleveland, Ohio  44114
                                                              Telephone:    (216) 621-0150
                                                              Facsimile:    (216) 241-2824
                                                              E-mail:        ldpowar@hahnlaw.com
                                                                             ridebitetto@hahnlaw.com


                                                              *Counsel to the Reorganized Debtor*

6

4898269.1

**Exhibit A**
**(Frontier Airlines World Elite MasterCard Account No. Ending -9397)**

| <u>Payment Date</u> | <u>Amount</u> |
|---|---|
| June 10, 2011 | $23,119.50 |
| June 6, 2011 | $2.50 |
| May 20, 2011 | $68.44 |
| April 21, 2011 | $506.15 |
| March 21, 2011 | $20,000.00 |
| March 21, 2011 | <u>$1,572.32</u> |
| **Preference Liability:** | **$45,268.91** |