**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| FREIDA R. LAUER, | : | |
| | : | Case No. 9-11-bk-11448 |
| Reorganized Debtor. | : | |
| | : | Judge Caryl E. Delano |
| | : | |
| FREIDA R. LAUER, | : | Adversary Case No. 9:12-ap-00703-FMD |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| FRONTIER AIRLINES, INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |
| | : | |

## AMENDED[1] MOTION FOR JUDGMENT BY DEFAULT

Pursuant to Rule 7055 of the Federal Rules of Bankruptcy Procedure, Plaintiff, Freida R. Lauer, the Reorganized Debtor ("Plaintiff"), by and through her undersigned counsel, moves this Court (the "Motion") to enter a default judgment against Defendant Barclays Bank Delaware ("Defendant") and alleges as follows:

1.  On July 30, 2012, the Plaintiff filed this Adversary Proceeding, thereafter amending Plaintiff's complaint on August 10, 2012 (the "Amended Complaint").

2.  Defendant was duly served with a copy of the alias summons in an adversary proceeding (the "Alias Summons") and Amended Complaint on August 14, 2012, by certified mail, return receipt requested [Docket No. 3], in compliance with Rule 7004,

---

[1] The Motion for Judgment by Default is being amended to include appropriate supporting Affidavit in accordance with Local Rule 7055-2(a)(3).

*Federal Rules of Bankruptcy Procedure*.  Copies of the United States Post Office accepted Return Receipt green cards evidencing service are attached hereto as <u>Exhibit A</u>.

3.  In accordance with the Alias Summons, Defendant was required to file its answer or responsive pleading on or before September 13, 2012.

4.  No extension of time was sought or obtained by Defendant and Defendant has failed to file an answer, motion or other defensive pleading or paper to the Amended Complaint filed in this adversary proceeding within the time allowed by law; and Defendant has failed to serve copies of any such pleading or paper on Plaintiff's attorney as required by law.

5.  On October 15, 2012 Plaintiff moved for entry by the Bankruptcy Clerk of default against Defendant [Docket No. 7].

6.  On October 16, 2012 the Clerk of the Bankruptcy Court entered a clerk's default against Defendant [Docket No. 9].

**Satisfaction of the Requirements Pursuant to M.D. Fla. L.B.R. 7055-2**

7.  As stated herein, service was duly effectuated in compliance with the Federal Rules of Bankruptcy Procedure.

8.  Attached hereto as <u>Exhibit B</u> is the Affidavit of Freida R. Lauer in support of the allegations set forth in the Amended Complaint.

9.  An Affidavit of Non-Military Service regarding Defendant is not required to be filed with the Court.

WHEREFORE, Plaintiff requests that this Court grant this Motion and enter a default judgment against Defendant for failing to plead or otherwise defend as provided in the Federal

Rules of Bankruptcy Procedure, and for such other and further relief as the Court deems appropriate.  A form order granting Motion is attached hereto as <u>Exhibit C</u>.

Dated:  October 25, 2012                                  Respectfully submitted,


                                                         <u>*/s/ Rocco I. Debitetto*                             </u>
                                                         Lee D. Powar (*Pro Hac Vice*)
                                                         Rocco I. Debitetto (*Pro Hac Vice*)
                                                         HAHN LOESER & PARKS LLP
                                                         200 Public Square, Suite 2800
                                                         Cleveland, Ohio  44114
                                                         Telephone:    (216) 621-0150
                                                         Facsimile:     (216) 241-2824
                                                         E-mail:        ldpowar@hahnlaw.com
                                                                        ridebitetto@hahnlaw.com

                                                         *Counsel to the Reorganized Debtor*

# EXHIBIT A

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Barclays Bank Delaware
125 S. West Street
Wilmington, DE 19801

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

☐ Agent
☐ Addressee

B. Received by ( Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☒ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)     ☐ Yes

2. Article Number
   (Transfer from service label)   7007 3020 0003 1829 0879

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Barclays Bank Delaware
Card Services
PO Box 8801
Wilmington, DE 19899-8801

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

☐ Agent
☐ Addressee

B. Received by ( Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☒ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)     ☐ Yes

2. Article Number
   (Transfer from service label)   7007 3020 0003 1829 0855

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

English        Customer Service        USPS Mobile                                                                                Register / Sign In

≡USPS.COM·

Search USPS.com or Track Packages

Quick Tools          Ship a Package          Send Mail          Manage Your Mail          Shop          Business Solutions

# Track & Confirm

GET EMAIL UPDATES        PRINT DETAILS

| YOUR LABEL NUMBER | SERVICE | STATUS OF YOUR ITEM | DATE & TIME | LOCATION | FEATURES |
|---|---|---|---|---|---|
| 70073020000318290879 | | Delivered | August 17, 2012, 7:52 am | WILMINGTON, DE 19899 | Certified Mail™ |
| | | Notice Left (No Authorized Recipient Available) | August 16, 2012, 11:42 am | WILMINGTON, DE 19801 | |
| | | Arrival at Unit | August 16, 2012, 10:21 am | WILMINGTON, DE 19801 | |

## Check on Another Item

What's your label (or receipt) number?

Find

LEGAL                          ON USPS.COM                    ON ABOUT.USPS.COM              OTHER USPS SITES
Privacy Policy ›               Government Services ›          About USPS Home ›              Business Customer Gateway ›
Terms of Use ›                 Buy Stamps & Shop ›            Newsroom ›                     Postal Inspectors ›
FOIA ›                         Print a Label with Postage ›   Mail Service Updates ›         Inspector General ›
No FEAR Act EEO Data ›         Customer Service ›             Forms & Publications ›         Postal Explorer ›
                               Site Index ›                   Careers ›

Copyright© 2012 USPS. All Rights Reserved.

English        Customer Service        USPS Mobile                                         Register / Sign In

 USPS.COM                                Search USPS.com or Track Packages

Quick Tools            Ship a Package      Send Mail      Manage Your Mail        Shop        Business Solutions

# Track & Confirm

GET EMAIL UPDATES      PRINT DETAILS

| YOUR LABEL NUMBER | SERVICE | STATUS OF YOUR ITEM | DATE & TIME | LOCATION | FEATURES |
|---|---|---|---|---|---|
| 70073020000318290855 | | Delivered | August 20, 2012, 7:29 am | WILMINGTON, DE 19899 | Certified Mail™ |
| | | Notice Left (No Authorized Recipient Available) | August 17, 2012, 10:24 am | WILMINGTON, DE 19801 | |
| | | Arrival at Unit | August 17, 2012, 9:46 am | WILMINGTON, DE 19801 | |

## Check on Another Item

What's your label (or receipt) number?                              Find

---

**LEGAL**
Privacy Policy ›
Terms of Use ›
FOIA ›
No FEAR Act EEO Data ›

**ON USPS.COM**
Government Services ›
Buy Stamps & Shop ›
Print a Label with Postage ›
Customer Service ›
Site Index ›

**ON ABOUT.USPS.COM**
About USPS Home ›
Newsroom ›
Mail Service Updates ›
Forms & Publications ›
Careers ›

**OTHER USPS SITES**
Business Customer Gateway ›
Postal Inspectors ›
Inspector General ›
Postal Explorer ›

Copyright© 2012 USPS. All Rights Reserved.

# EXHIBIT B

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

| | |
|---|---|
| In re: | : |
| | : Chapter 11 |
| FREIDA R. LAUER, | : |
| | : Case No. 9-11-bk-11448 |
| Reorganized Debtor. | : |
| _____ | : Judge Caryl E. Delano |
| | : |
| FREIDA R. LAUER, | : Adversary Case No. 9:12-ap-00703-FMD |
| | : |
| Plaintiff, | : |
| | : |
| vs. | : |
| | : |
| FRONTIER AIRLINES, INC., *et al.*, | : |
| | : |
| Defendants. | : |

## AFFIDAVIT OF FREIDA R. LAUER

| | | |
|---|---|---|
| STATE OF FLORIDA | ) | |
| | ) | SS: |
| COUNTY OF LEE | ) | |

FREIDA R. LAUER, Plaintiff (the "Plaintiff") being first duly sworn according to law, deposes and states as follows:

1.  I am the Plaintiff in this adversary proceeding and have personal knowledge of the matters reflected herein.

2.  I have reviewed the First Amended Complaint (the "Complaint") and all attachments as filed with this Court on August 10, 2012 at Docket No. 4.  A true and correct copy of the Complaint is attached hereto as Exhibit 1.

3

3.    To the best of my knowledge, all of the factual allegations contained in the Complaint are true and accurate.


FURTHER AFFIANT SAYETH NAUGHT.

_Freida R. Tucci_
Freida R. Lauer

SWORN TO and subscribed in my presence this 24 day of October 2012.

_[Notary signature]_
Notary Public

_[Notary seal:]_
MARY ANNE JOANOS
MY COMMISSION EXPIRES
March 13, 2015
#EE 059550
Bonded thru
Troy Fain Insurance
NOTARY PUBLIC, STATE OF FLORIDA

# EXHIBIT 1

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

In re:                                          :

                                                :    Chapter 11

FREIDA R. LAUER,                                :

                                                :    Case No. 9-11-bk-11448

        Reorganized Debtor.           :

_____         :    Judge Caryl E. Delano

                                                :

FREIDA R. LAUER                                 :    Adversary Case No. 9:12-ap-00703-FMD
3361 Creekview Drive
Bonita Springs, FL 34134,                       :

                                                :

        Plaintiff,                    :

                                                :

vs.                                             :

                                                :

FRONTIER AIRLINES, INC.                         :
8909 Purdue Road, Suite 300
Indianapolis, IN 46268,                         :

                                                :

**Also serve:**                                 :

                                                :

FRONTIER AIRLINES, INC.                         :
c/o Corporation Service Company,
Registered Agent                                :
1201 Hays Street
Tallahassee, FL 32301-2525                      :

                                                :

**Also serve:**                                 :

                                                :

FRONTIER AIRLINES, INC.                         :
Card Services
P.O. Box 13337                                  :
Philadelphia, PA 19101-3337
Attention: Legal Department,                    :

                                                :

and                                             :

                                                :

BARCLAYS BANK DELAWARE                          :
125 S. West Street
Wilmington, DE 19801                            :

                                                :

                                                :

                                                :

                                                :

4898269.1

Also Serve:                              :
                                         :
BARCLAYS BANK DELAWARE                    :
Card Services                            :
PO Box 8801                              :
Wilmington, DE 19899-8801,               :
                                         :
              Defendants.                :

## FIRST AMENDED COMPLAINT

Freida R. Lauer, Reorganized Debtor ("Plaintiff"), by and through Plaintiff's undersigned counsel, and for Plaintiff's First Amended Complaint against Defendant Frontier Airlines, Inc. ("Defendant Frontier") and and Defendant Barclays Bank Delaware ("Defendant Barclays" and, together with Defendant Frontier, "Defendant"), respectfully states and submits as follows:

### THE PARTIES

1.      Plaintiff is an individual residing in Bonita Springs, Florida.   Plaintiff is a reorganized debtor pursuant to that certain *Chapter 11 Plan of Reorganization Dated as of November 10, 2011* [Dkt. No. 92] (as amended, supplemented, or otherwise modified the "Plan").   This Court (Hon. Jeffery P. Hopkins presiding) confirmed the Plan pursuant to the *Order Confirming Chapter 11 Plan* [Dkt. No. 144].   The Plan became effective on April 27, 2012.

2.      Upon information and belief Defendant Frontier is a corporation organized under and by virtue of the laws of the State of Colorado, with a principal place of business in Denver, Colorado.   Defendant Frontier regularly transacts business in the State of Florida.

3.      Upon information and belief Defendant Barclays is a copropraition organized under and by virtue of the laws of the State of Delaware, with a principal place of business in Wilimington, Delaware.   Defendant Barclays regularly transactions business in the State of Florida.

2

## JURISDICTION AND VENUE

4.    Plaintiff restates and incorporates by reference paragraphs 1 through 3 of this Complaint as if fully restated herein.

5.    The Court has jurisdiction over this Adversary Proceeding and the matters set forth in this Complaint pursuant to 28 U.S.C. §§ 157 and 1134.    Venue of this Adversary Proceeding and the matters set forth herein is proper pursuant to 28 U.S.C. § 1409.    This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157.    This Court has personal jurisdiction over the parties.

## BACKGROUND

6.    Plaintiff restates and incorporates by reference paragraphs 4 through 5 of this Complaint as if fully restated herein.

7.    On June 15, 2011 (the "Petition Date"), Plainitff filed voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

8.    On or within 90 days before the Petition Date, Plaintiff made or caused to be made transfer(s) of money or property, or interests therein, to or for the benefit of Defendant in amounts not less than those set forth on Exhibit A hereto (collectively, and together with any other or further transfer(s) of money or property, or interests therein, to or for the benefit of Defendant on or within 90 days before the Petition Date, the "Transfers").

9.    Pursuant to the Plan, Plaintiff holds and maintains all right, title, and interest in and to all actions to avoid and recover preferential and/or fraudulent transfers including, without limitation, the Transfers.

4898269.1

## COUNT I

10.    Plaintiff restates and incorporates by reference paragraphs 6 through 9 of this Complaint as if fully restated herein.

11.    The Transfers were for or on account of an antecedent debt owed by Plaintiff before the Transfers were made.

12.    The Transfers were made while Plaintiff was insolvent.

13.    The Transfers enabled Defendant to receive more than Defendant would have received if the Bankruptcy Case was a case under Bankruptcy Code Chapter 7, the Transfers had not been made, and Defendant received payment of the debt giving rise to the Transfers to the extent provided by the provisions of the Bankruptcy Code.

14.    The Transfers may be avoided pursuant, among other things, to Bankruptcy Code Section 547(b).

## COUNT II

15.    Plaintiff restates and incorporates by reference paragraphs 10 through 14 of this Complaint as if fully restated herein.

16.    To the extent that the Transfers are avoided pursuant to Bankruptcy Code Section 547 or other applicable law, the Transfers or the value of the Transfers, may be recovered by Plaintiff pursuant to Bankruptcy Code Section 550.

## COUNT III

17.    Plaintiff restates and incorporates by reference paragraphs 15 through 16 of this Complaint as if fully restated herein.

18.    Plaintiff demanded return of the Transfers by way of correspondence to Defendant dated June 20, 2012.

4

19.     The Transfers, or the value of the Transfers, has not been paid or turned over to Plaintiff.

20.     To the extent not already disallowed by the Court in the Bankruptcy Case, any claim(s) against Plaintiff by Defendant, or any entity that is a transferee of the Transfers (collectively, "Claims"), should be disallowed pursuant to Bankruptcy Code Section 502(d).

## RESERVATION OF RIGHTS

21.     Plaintiff restates and incorporates by reference paragraphs 17 through 20 of this Complaint as if fully restated herein.

22.     Plaintiff reserves the right to amend, supplement, or otherwise modify this Complaint as it deems necessary or proper including, without limitation, to assert any other and further claims and causes of action against Defendant when and as such claims and causes of action become known during the course of discovery in this matter or otherwise.

WHEREFORE, Plaintiff respectfully prays that the Court enter a JUDGMENT in favor of Plaintiff and against Defendant as follows:

(A)     On Count I of the Complaint, avoiding all of the Transfers pursuant, among other things, to Bankruptcy Code Section 547(b);

(B)     On Count II of the Complaint, awarding damages to Plaintiff and against Defendant in an amount not less than the sum of the Transfers plus any pre- and post-judgment interest thereon to which Plaintiff is entitled including, without limitation, interest as provided pursuant to 28 U.S.C. § 1961;

(C)     On Count III of the Complaint, disallowing all Claims in their entireties, to the extent not already disallowed; and

(D)     On all Counts of the Complaint, awarding Plaintiff fees, costs, and expenses incurred in connection with this action including, without limitation, all attorneys' fees and costs,

5

and granting Plaintiff such other and further relief as is just and equitable.

August 10, 2012                                  Respectfully submitted,


                                                 /s/ John S. Sarrett
                                                 John S. Sarrett (FL Bar No. 0812811)
                                                 HAHN LOESER & PARKS LLP
                                                 800 Laurel Oak Drive, Suite 600
                                                 Naples, FL 34108
                                                 Telephone:    (239) 254-2900
                                                 Facsimile:    (239) 254-7716
                                                 E-mail:       jsarrett@hahnlaw.com

                                                 and

                                                 /s/ Rocco I. Debitetto
                                                 Lee D. Powar (*Pro Hac Vice*)
                                                 Rocco I. Debitetto (*Pro Hac Vice*)
                                                 HAHN LOESER & PARKS LLP
                                                 200 Public Square, Suite 2800
                                                 Cleveland, Ohio  44114
                                                 Telephone:    (216) 621-0150
                                                 Facsimile:    (216) 241-2824
                                                 E-mail:       ldpowar@hahnlaw.com
                                                               ridebitetto@hahnlaw.com

                                                 *Counsel to the Reorganized Debtor*

6

**Exhibit A**
**(Frontier Airlines World Elite MasterCard Account No. Ending -9397)**

| Payment Date | Amount |
|---|---|
| June 10, 2011 | $23,119.50 |
| June 6, 2011 | $2.50 |
| May 20, 2011 | $68.44 |
| April 21, 2011 | $506.15 |
| March 21, 2011 | $20,000.00 |
| March 21, 2011 | $1,572.32 |
| **Preference Liability:** | **$45,268.91** |

4898269.1

# EXHIBIT C

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION**

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| FREIDA R. LAUER, | : | |
| | : | Case No. 9-11-bk-11448 |
| Reorganized Debtor. | : | |
| _____ | : | Judge Caryl E. Delano |
| | : | |
| FREIDA R. LAUER, | : | Adversary Case No. 9:12-ap-00703-FMD |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| FRONTIER AIRLINES, INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER GRANTING DEBTOR'S AMENDED MOTION
FOR JUDGMENT BY DEFAULT**

THIS CASE came before the Court on Debtor's *Amended Motion for Judgment by Default* [Docket No. ___] (the "Motion"). The Court, after reviewing the Motion, and *Affidavit of Freida R. Lauer*, attached to the Motion as Exhibit B, has determined that the Motion should be granted.

Accordingly, it is ORDERED that:

1. The Motion is GRANTED.

2.  A Final Default Judgment will be entered in favor of Freida R. Lauer, Reorganized

Debtor, against the Defendant Barclays Bank Delaware.

**DONE** and **ORDERED** in Chambers at Ft. Myers, Florida on _____,

2012.

_____
Caryl E. Delano
United States Bankruptcy Judge

Copies to be provided by CM/ECF service.