**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION**

| | |
|---|---|
| In re: : | |
| : | Chapter 11 |
| FREIDA R. LAUER, : | |
| : | Case No. 9-11-bk-11448 |
| Reorganized Debtor. : | |
| : | Judge Caryl E. Delano |
| : | |
| FREIDA R. LAUER, : | Adversary Case No. 9:12-ap-00703-FMD |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | |
| : | |
| FRONTIER AIRLINES, INC., *et al.*, : | |
| : | |
| Defendants. : | |

**MOTION FOR RELIEF FROM (A) CLERK'S ENTRY OF DEFAULT AND (B) ORDER GRANTING DEBTOR'S AMENDED MOTION FOR JUDGMENT BY DEFAULT**

Plaintiff Freida R. Lauer (the "Plaintiff"), by and through her undersigned counsel, hereby moves (the "Motion") this Court to set aside the Default Judgment previously entered in this Adversary Proceeding under Rule 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 60 of the Federal Rules of Civil Procedure. In support of its Motion, Plaintiff respectfully states as follows:

5171214.1

## MEMORANDUM IN SUPPORT

### BACKGROUND

1.  On or about July 30, 2012, Plaintiff commenced the above captioned adversary proceeding (the "<u>Adversary Proceeding</u>") by filing a *Complaint,* which was amended on August 10, 2012 (the "<u>Complaint</u>") [Doc. Nos. 1 and 4], seeking to avoid and recover from Barclays Bank Delaware (the "<u>Defendant</u>") transfer(s) of money or property, or interests therein in the aggregate amount of $45,268.91, to disallow any claim(s) against Plaintiff by Defendant to the extent not already disallowed; and an award of Plaintiff fees, costs, and expenses incurred in connection with this action, including, without limitation, all attorneys' fees and costs.

2.  On or about October 15, 2012 Plaintiff filed a *Motion for Entry of Default Against Barclays Bank Delaware Pursuant to Fed. R. Civ. P. 55(A)* [Doc. No. 7]. On October 16, 2012 this Court entered an *Entry of Default* [Doc. No. 9].

3.  On or about October 16, 2012 Plaintiff filed a *Motion for Judgment by Default* against Defendant, which was amended on October 25, 2012 [Doc. Nos. 10 and 14]. On October 30, 2012 this Court entered an *Order Granting Debtor's Amended Motion for Judgment by Default* (the "<u>Default Order</u>") [Doc. No. 16].

### JURISDICTION AND VENUE

4.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

5.  Venue is proper pursuant to 28 U.S.C. §1408 and 1409.

### LAW AND ARGUMENT

6.  Bankruptcy Rule 9024 states that Federal Rule 60 applies in cases under title 11 of the United States Code (the "<u>Bankruptcy Code</u>"). Federal Rule 60 provides, in relevant part:

"[o]n motion and upon such terms as are just, the court may relieve a party or party's legal representative from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Motions under Federal Rule 60(b)(1) must be made within one year after entry of the judgment from which the party seeks relief. *See* Fed. R. Civ. P. 60(b).

7. Plaintiff was in the process of following up with the Court regarding the status of entry of the Final Judgment when counsel discovered that the Defendant may not have been properly served. A copy of the Complaint and Summons were served by certified mail, return receipt requested, on the Defendant at Defendant's place of business. The package was delivered by the United States Post Office on August 17, 2012 and signed for by "D. Ellis" as indicated on the *Summons Service Executed* filed with the Court on August 24, 2012 [Doc. No. 6]. While Plaintiff believes that Defendant received ample notice of this action, there may be a question as to whether service was proper since the mailing was not expressly directed to the attention of an "officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" as set forth in Bankruptcy Rule 7004. Accordingly, in an abundance of caution and in the interest of protecting due process, Plaintiff respectfully submits that relief from the Entry of Default and Default Order is proper.

## RESERVATION OF RIGHTS

8. Plaintiff reserves the right to amend, supplement or otherwise modify this Motion and all attachments hereto as she deems necessary or proper.

WHEREFORE, Plaintiff respectfully requests that the Court (1) grant the Motion; (2) direct the Clerk of Courts to issue a further Alias Summons to Defendant, to the extent one has

5171214.1

not already been issued as of the date hereof; and (3) grant Plaintiff such other and further relief to which she is justly entitled.

November 13, 2012                                       Respectfully submitted,

                                                                               */s/ Rocco I. Debitetto*
                                                                               Lee D. Powar (*Pro Hac Vice*)
                                                                               Rocco I. Debitetto (*Pro Hac Vice*)
                                                                               HAHN LOESER & PARKS LLP
                                                                               200 Public Square, Suite 2800
                                                                               Cleveland, Ohio  44114
                                                                               Telephone:    (216) 621-0150
                                                                               Facsimile:    (216) 241-2824
                                                                               E-mail:        ldpowar@hahnlaw.com
                                                                                              ridebitetto@hahnlaw.com
                                                                               *Counsel to the Reorganized Debtor*

5171214.1

## **CERTIFICATE OF SERVICE**

        I hereby certify that on November 13, 2012, copies of the foregoing were served upon the parties set forth on the attached Service List and upon the following parties by regular United States Mail, postage prepaid:

BARCLAYS BANK DELAWARE
Card Services
Attn:  Legal Department
PO Box 8801
Wilmington, DE 19899-8801

BARCLAYS BANK DELAWARE
Card Services
Attn:  President
PO Box 8801
Wilmington, DE 19899-8801

BARCLAYS BANK DELAWARE
Attn:  Legal Department
125 S. West Street
Wilmington, DE 19801-5014

BARCLAYS BANK DELAWARE
Attn:  President
125 S. West Street
Wilmington, DE 19801-5014

                              /s/ Rocco I. Debitetto
                              *Counsel to Reorganized Debtor*

| | | |
|---|---|---|
| Label Matrix for local noticing | Barclays Bank Delaware | End of Label Matrix |
| 113A-9 | 125 S. West Street | Mailable recipients    1 |
| Case 9:12-ap-00703-FMD | Wilmington, DE 19801-5014 | Bypassed recipients    0 |
| Middle District of Florida | | Total                  1 |
| Ft. Myers | | |
| Tue Nov 13 17:42:03 EST 2012 | | |